UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

SPECIALTY OIL SERVICES, INC,

    Plaintiff,

    v.

DESCHUTES LABS LLC, *et al.*,

    Defendants.

No. 1:24-cv-7966

ORDER

**O'HEARN, District Judge.**

    **THIS MATTER** comes before the Court on Specialty Oil Services, Inc.'s ("Plaintiff") unopposed Motion for Entry of Judgment by Default against Defendants Deschutes Labs LLC and Anthony Vivolo (collectively, "Defendants"). (ECF No. 11); and

    **WHEREAS,** Plaintiff's Complaint asserts a breach of contract claim against Defendants for failure to make settlement payments in accordance with the Parties' Settlement Agreement. (ECF No. 1 at ¶¶ 24–28); and

    **WHEREAS,** Defendants have failed to respond to the Complaint. (Markin Dec., ECF No. 11-2 at ¶ 5); and

    **WHEREAS,** on September 20, 2024, pursuant to Rule 55(a), Plaintiff filed an application for entry of default against Defendants. (ECF No. 10); and

    **WHEREAS,** the Clerk entered default against Defendants on September 23, 2024; and

    **WHEREAS,** once the Clerk has entered a default, Rule 55(b)(2) empowers the Court, upon a Plaintiff's motion, to enter a default judgment against a defendant that has failed to plead or otherwise defend against a claim for affirmative relief. FED. R. CIV. PRO. 55(b)(2); and

**WHEREAS,** the determination of whether to enter "such a judgment is left primarily to the discretion of the district court," *DirecTV, Inc. v. Asher*, No. 03-01969, 2006 WL 680533, at *1 (D.N.J. Mar. 14, 2006) (citing *Hritz v. Woma*, 732 F.2d 1178, 1180 (3d Cir. 1984)); and

**WHEREAS,** in the context of a motion for default judgment, "[a] defendant is deemed to have admitted the factual allegations of the Complaint . . . except those factual allegations related to the amount of damages," *DirecTV*, 2006 WL 680533, at *1 (citations omitted), but "the Court need not accept the moving party's legal conclusions, because even after default it remains for the court to consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law." *Id*. (cleaned up) (citations omitted); and

**WHEREAS,** before entering default judgment the Court must first "(1) determine it has jurisdiction both over the subject matter and parties; (2) determine whether defendants have been properly served; (3) analyze the [c]omplaint to determine whether it sufficiently pleads a cause of action; and (4) determine whether the plaintiff has proved damages." *Mister Softee Franchise LLC v. Giannos*, No. 24-2280, 2024 WL 5117721, at *2 (D.N.J. Dec. 16, 2024) (citations omitted); and

**WHEREAS,** courts evaluating a motion for default judgment must also weigh (1) whether the party subject to default has a meritorious defense, (2) the prejudice suffered by the party seeking default, and (3) the culpability of the party subject to default," *Doug Brady, Inc. v. N.J. Bldg. Laborers Statewide Funds*, 250 F.R.D. 171, 177 (D.N.J. 2008) (citing *Emcasco Ins. Co. v. Sambrick*, 834 F.2d 71, 74 (3d Cir. 1987)); and

**WHEREAS,** the Court has jurisdiction over the Parties pursuant to 28 U.S.C. § 1332(a)(1) because the matter in controversy exceeds $75,000, exclusive of interest and costs, and there is complete diversity between the Parties. (Compl., ECF No. 1 at ¶¶ 4–8, 23); and

**WHEREAS,** Plaintiff has presented evidence that Defendants were properly served. (Ex. B, ECF No. 11-4; Ex. C, ECF No. 11-5); and

**WHEREAS,** accepting the Complaint's factual allegations as true, Defendants' conduct satisfies the elements of breach of contract; and

**WHEREAS,** Plaintiff has proven damages of $110,000 by virtue of the Settlement Agreement's Liquidated Damages Provision. (ECF No. 11-3 at ¶ 2); and

**WHEREAS,** Defendants fail to offer any defense, let alone "allegations . . . [which] if established on trial, would constitute a complete defense to the action," as required to mount a meritorious defense. *United States v. $55,518,05 in Currency*, 728 F.2d 192, 195 (3d Cir. 1984) (citations omitted); and

**WHEREAS,** accordingly, Defendants' failure to raise a meritorious defense weighs in favor of granting default judgment; and

**WHEREAS,** Plaintiff has plainly been prejudiced by Defendants' failure to respond to Plaintiff's claims because having been "prevented from prosecuting [his] case, engaging in discovery, and seeking relief in the normal fashion," Plaintiff will have "no other means of seeking damages for the harm caused by Defendant[s]" without the Court's granting a default judgment, *United States v. Thompson*, No. 16-0857, 2017 WL 3634096, at *2 (D.N.J. July 20, 2017) (citations omitted); *see also Barrett v. Tri-Coast Pharm.*, 518 F. Supp. 3d 810, 829–30 ("Prejudice occurs when 'a plaintiff has no other means to vindicate rights and recover damages.'"); and

**WHEREAS,** accordingly, the prejudice suffered by the party seeking default weighs in favor of granting default judgment; and

**WHEREAS,** Defendants are clearly culpable for their failure to respond because "[a]bsent any evidence to the contrary, 'the [d]efendant's failure to answer evinces the [d]efendant's

3

culpability in the default,'" *Thompson*, 2017 WL 3634096, at *2 (cleaned up) (citations omitted), and the Court has no evidence to the contrary; and

**WHEREAS,** accordingly, Defendants' culpability weighs in favor of granting default judgment; and

**WHEREAS,** these factors all weighing in favor of default judgment, this Court finds default judgment to be appropriate in this case; and

**WHEREAS,** if the Court finds default judgment to be proper, the Court must then determine a proper award of damages; and

**WHEREAS,** Rule 55(b)(1) empowers a Court to enter a judgment for damages if Plaintiff's claim is for a "sum certain or a sum that can be made certain by computation." FED. R. CIV. PRO. 55(b)(1); and

**WHEREAS,** the Court finds that Plaintiff has established that damages are for a "sum certain." Namely, Plaintiff has established that it is entitled to $110,000 in liquidated damages by virtue of the Settlement Agreement, (ECF No. 11-3 at ¶ 2), as well as $2,197.50 for litigation costs. (Markin Dec., ECF No 11-2 at ¶ 10); therefore

**IT IS** on this  31st  day of  December, 2024,

**ORDERED** that Plaintiff's Motion for Entry of Default Judgment, (ECF No. 11), is **GRANTED**; and it is further

**ORDERED** that the Clerk of the Court shall **CLOSE** this matter.

*Christine P. O'Hearn*
**CHRISTINE P. O'HEARN**
**United States District Judge**